IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **11-cv-331-AP**

**HANAN D. ANGSTADT,**

> Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

> Defendant.

---

### ORDER DENYING MOTION TO DISMISS (DOC. 2)

---

Kane, J.

This matter is before me on Defendant's Motion (Doc. 2) to Dismiss Plaintiff's

Complaint as untimely.  The file date for Plaintiff's Complaint is February 8, 2011, and

the government contends the 60-day period for filing her Complaint ran on February 4,

four days before.  Upon review of the file and the court's CM/ECF records, the actual

filing history in this case is that Plaintiff submitted her Complaint, Civil Cover Sheet, and

Summons, by email, to the Court's docketing clerk on January 28, 2011.  The email

indicated payment of the court's filing fee, in the form of a check, would follow by

regular mail.  An affidavit signed by Plaintiff's counsel's legal assistant, also confirmed

by the Court's records, indicates the check was sent with an accompanying cover letter on

February 3, 2011.  For purposes of the 60-day jurisdictional time for filing, I deem the

actual filing date of the Complaint to be February 3, 2011.  I note that had Plaintiff

provided debit or credit card payment  with her January 28, 2011 submissions, her

Complaint would have been filed immediately.  Similarly, had Plaintiff sought as most

Social Security claimants do to avoid paying her filing fee by submitting a Motion for

Leave to Proceed In Forma Pauperis with her other papers, the Complaint would also

have been filed on the same day.  To her credit, Plaintiff sought to pay her filing fee on

her own and it would indeed have been unfortunate for her to have defaulted on her

appeal as a result.

   According to his assistant's affidavit, counsel was in court or otherwise

unavailable to sign the payment check between January 28, when the Summons and

Complaint were transmitted, until February 3d.  I am mindful of the pressures sole

practitioners face and appreciate the good work they do for clients who might otherwise

be unrepresented.  However, by failing to have another authorized signatory or electronic

payment plan, counsel risked his client's appeal.  Plaintiff's counsel is strongly

admonished to avoid this situation in the future.

   The government's Motion to Dismiss (Doc. 2) is DENIED.

Dated May 13, 2011.                        **s/John L. Kane**
                                           SENIOR U.S. DISTRICT JUDGE